| | |
|---|---|
| Frank E. Scherkenbach<br>(CAB #142549; scherkenbach@fr.com)<br>FISH & RICHARDSON P.C.<br>225 Franklin Street<br>Boston, Massachusetts 02110-2804<br>Telephone: (617) 542-5070<br>Facsimile:  (617) 542-8906<br><br>Howard G. Pollack<br>(CAB #162897; pollack@fr.com)<br>Michael R. Headley<br>(CAB #220834; headley@fr.com)<br>FISH & RICHARDSON P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, California 94063<br>Telephone: (650) 839-5070<br>Facsimile:  (650) 839-5071<br><br>Attorneys for Defendants<br>POWER INTEGRATIONS, INC. | E. Robert Yoches<br>(bob.yoches@finnegan.com)<br>FINNEGAN, HENDERSON, FARABOW,<br>     GARRETT & DUNNER, L.L.P.<br>901 New York Avenue, NW<br>Washington, D.C. 20001-4413<br>Telephone:  (202) 408-4000<br>Facsimile:   (202) 408-4400<br><br>Erik R. Puknys<br>(CAB #190926; erik.puknys@finnegan.com)<br>FINNEGAN, HENDERSON, FARABOW,<br>     GARRETT & DUNNER, L.L.P.<br>3300 Hillview Ave<br>Palo Alto, CA 94304<br>Telephone: (650) 849-6600<br>Facsimile: (650) 849-6666<br><br>Attorneys for Plaintiff<br>BCD SEMICONDUCTOR CORPORATION,<br>and SHANGHAI SIM-BCD<br>SEMICONDUCTOR MANUFACTURING,<br>CO., LTD |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# (SAN FRANCISCO DIVISION)

| | |
|---|---|
| BCD SEMICONDUCTOR CORPORATION, a California corporation, SHANGHAI SIM-BCD SEMICONDUCTOR MANUFACTURING, CO., LTD, a China corporation,<br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>POWER INTEGRATIONS, INC., a Delaware corporation,<br>　　　　　　　　Defendant. | No. C 08-0372 MMC<br><br>**JOINT RULE 26(f) CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date:　　　May 23, 2008<br>Time:　　　10:30 a.m.<br>Place:　　　Courtroom 7, 19th Floor<br>Judge:　　　Honorable Maxine M. Chesney |

Pursuant to the Court's April 1, 2008, Order and subsequent Order dated May 7, 2008, the parties in the above-entitled action, Plaintiffs BCD Semiconductor Corporation ("BCD California") and Shanghai SIM-BCD Semiconductor Manufacturing, Co., Ltd. ("BCD Shanghai") (collectively referred to herein as "BCD") and Defendants Power Integrations, Inc. ("Power Integrations"), jointly submit this Joint Case Management Statement and Proposed Order addressing the topics identified in Local Rule 16-9 and Federal Rule of Civil Procedure 26(f).

**DESCRIPTION OF THE CASE**

**1.    JURISDICTION AND SERVICE**

BCD filed this case in order to obtain a judgment from this Court declaring that BCD has not infringed certain patents assigned to Power Integrations and that those patents are invalid. The parties agree that jurisdiction is proper under 28 U.S.C. §§ 1331, 1338(a) and 2201, and that this Court can exercise personal jurisdiction over Power Integrations. As explained in more detail below, however, there is also an action between these same parties involving the same patents in the District Court for the District of Delaware. BCD believes that this Court is the proper forum for litigating the parties' disputes, while Power Integrations believes that the Delaware court is the appropriate forum. Service is complete.

**2.    FACTS**

Power Integrations filed the first suit between the parties in this Court on June 14, 2007, accusing BCD of directly and indirectly infringing Power Integrations' U.S. Patent Nos. 6,107,851 (the "'851 patent"), 6,249,876 (the "'876 patent"), and 5,313,381 (the "'381 patent") (collectively, "the Patents-in-suit") by the manufacture, use, sale, offering for sale, and/or importation of certain integrated circuit devices. That case (Civ. No. 07-03137-WHA) was assigned to the Honorable William Alsup. The parties had exchanged initial disclosures and filed a Joint Case Management Statement in that case when Power Integrations voluntarily dismissed the action on October 15, 2007. BCD had not yet answered the complaint.

On the same day, Power Integrations filed a new complaint against BCD in the District of Delaware asserting the same patents against the same products.[1] In response to that complaint, BCD moved for dismissal on the basis that the Delaware court lacked personal jurisdiction over BCD. The Delaware court has not yet ruled on BCD's motion to dismiss, but has granted PI's request to take certain jurisdictional discovery. The Delaware court also ordered an additional

---

[1] Power Integrations has since amended the complaint, dropping the '381 patent and asserting willful infringement by BCD.

round of briefing to address any information obtained during the period of jurisdictional discovery. That briefing will be complete on June 18, 2008. A hearing date has not been set and the Delaware court may issue an order without hearing oral argument.

If the Delaware court dismisses Power Integrations' complaint, the parties agree that their disputes will be resolved in this action. On the other hand, BCD has agreed that it will voluntarily dismiss this action if the Delaware court denies BCD's motion to dismiss, although it may appeal the Delaware court's decision if it finds personal jurisdiction.

**3.     LEGAL ISSUES**

The legal issues in this case that will most likely be addressed are: (a) whether BCD directly or indirectly infringes Power Integrations' patents under 35 U.S.C § 271; (b) whether those patents are valid and enforceable; (c) if those patents are infringed, valid, and enforceable, what is the appropriate amount of damages to compensate Power Integrations; and (d) whether other remedies, including permanent injunctive relief, are appropriate.

**4.     PRIOR AND PENDING MOTIONS**

Other than stipulated requests to extend the due date for Power Integrations to answer or otherwise respond to the complaint, there have been no motions filed in this case.

However, in the Delaware case, Power Integrations filed a motion seeking a preliminary injunction on January 25, 2008. Briefing on that motion was completed on May 12, 2008, and Power Integrations has requested oral argument. Power Integrations also anticipates moving for summary judgment of infringement of both asserted patents, and the question of infringement of claim 1 of the '876 patent is already before the Delaware Court in the context of the preliminary injunction proceedings.

BCD expects that it will file motions for summary judgment on the issues of infringement, validity, and willfulness. Further, BCD is considering whether to request a stay or partial stay of this litigation pending the outcome of reexamination proceedings that are currently being conducted by the United States Patent and Trademark Office ("PTO"). *See infra* § 10.

**5.     AMENDMENT OF PLEADINGS**

In its complaint, BCD asked for a declaratory judgment that BCD is not liable for infringing the '851, '876, and '381 patents. It appears, however, that there is no longer any case or controversy between the parties involving the '381 patent since PI has amended its Delaware complaint to remove allegations that BCD has infringed this patent. As a result, BCD expects that it will amend its complaint to withdraw the '381 patent as well.

Power Integrations has yet to answer BCD's complaint, because this Court granted the parties' joint stipulation to extend Power Integrations' reply date pending the outcome of BCD's motion to dismiss in the pending Delaware litigation. If the Delaware case is dismissed, Power Integrations anticipates filing counter-claims alleging infringement of the patents-in-suit and seeking damages and any additional appropriate judicial relief to which it is entitled. If the Delaware case is not dismissed, BCD will dismiss its complaint in this matter.

**6.     EVIDENCE PRESERVATION**

The parties have been advised not to destroy evidence relevant to the issues reasonably evident in this action, including putting a litigation hold on document destruction programs and electronic evidence.

**7.     DISCLOSURES**

The parties have already exchanged initial disclosures and complied with the requirements of Fed. R. Civ. P. 26 in the first Northern District of California action as well as in the Delaware action, and both parties agree that those disclosures are applicable to the present action. However, because discovery is not yet complete, any calculation of damages to be included in Power Integrations' initial disclosures would be premature and has therefore not been included.

**8.     DISCOVERY**

**8.1     Scope of Discovery Taken to Date**

Discovery in the Delaware action has already commenced. The parties have begun to exchange documents and answer each other's interrogatories. The parties have also begun to take

1  depositions.  The parties agree that all discovery conducted in the Delaware matter shall be

2  applicable in the present case.

**8.2    Scope of Anticipated Discovery**

The parties expect that discovery will continue and that discovery will focus on at least the following general subjects:

- Technical information related to BCD's PWM integrated circuits, including the design, operation, testing, simulation, and manufacture thereof;

- Activities of BCD related to the manufacture, use, sale, offer for sale, marketing, and importation of BCD's PWM integrated circuits in or into the United States, including California;

- The identity of individuals involved in, and their involvement in, the design, operation, testing, simulation, manufacture, use, sale, offer for sale, marketing, and/or importation of BCD's PWM integrated circuits;

- The relationship between each of BCD Semiconductor Manufacturing Corporation, Shanghai SIM-BCD Semiconductor Manufacturing Co., Ltd., and third-party distributors of BCD's PWM integrated circuits;

- Power Integrations' infringement allegations;

- The validity and enforceability of the patents-in-suit;

- The prosecution of the patents-in-suit in the PTO;

- The development and commercialization of the technologies, devices, and methods described and claimed in the patents-in-suit;

- Third-party technology and devices relevant to the patents-in-suit, including prior art to the patents-in-suit and non-infringing alternatives to the devices and methods claimed in the patents-in-suit;

- Power Integrations' allegations of damages and other harm it claims to have suffered.

**8.3    Proposed Limitations or Modifications of the Discovery Rules**

The parties agree that BCD California and BCD Shanghai should be treated as a single party for purposes of computing compliance with discovery limits.  Additionally, both parties also agree that all discovery conducted in the Delaware matter should count against the limits proposed below.

BCD believes the default limitations on discovery set forth in the Federal Rules of Civil Procedure are appropriate for use in this case.

Power Integrations believes those limitations should be modified as follows:

(a) A maximum of thirty-five (35) interrogatories, including contention interrogatories, for each side.

(b) A maximum of fifty (50) requests for admission by each side.

(c) A maximum of eighty-four (84) hours by each side, excluding expert depositions. Each individual deponent, without leave of Court, shall not be deposed for more than seven hours, in accordance with the Federal Rules of Civil Procedure. However, the parties agree that they may alter the above by agreement.

**8.4    Proposed Discovery Plan Pursuant to Fed. R. Civ. P. 26(f)**

The parties already have a case management plan in the Delaware case and have agreed that if the Delaware action is dismissed, the parties will, subject to the Court's approval, proceed on essentially the same schedule in this action, subject to some minor changes necessitated by this Court's Local Patent Rules.[2]   The Delaware action is scheduled for trial from September 8 to 16, 2009. The parties have attached the Delaware court's scheduling order as Exhibit A for the Court's reference.

BCD believes the following schedule would be appropriate for the disclosures required by this Court's Local Rules.

| | |
|---|---|
| Pat L.R. 3-1 (Prelim. Infr. Cont'ns): | 10 days after Power Integrations' answer is filed |
| Pat L.R.. 3-3 (Prelim. Inv. Cont'ns): | 45 days after 3-1 date |
| Pat.L. R. 4-1 (Exch. of claim terms): | 10 days after 3-3 date |
| Pat.L.R. 4-2 (Prelim. Constr. Exch): | 20 days after 4-1 date |
| Pat.L.R. 4-3 (J. CC and Preh'ng stmt): | 60 days after 3-3 date |
| Pat.L.R. 4-4 (CC Disc. Closes): | 30 days after 4-3 date |

---

[2] Because this case was filed on January 18, 2008, the patent rules in effect at that time control.

Further, assuming that this Court schedules the claim construction hearing for early February 2009 (the currently scheduled date for the claim construction hearing in the Delaware action), BCD proposes following briefing schedule:

> Power Integrations' Opening Brief:   January  5, 2009
> BCD's Responsive Brief:                January 19, 2009
> Power Integrations' Reply Brief:     January 26, 2009

BCD also proposes that expert reports be due 45 days after the court issues its claim construction with rebuttal reports being due 30 days thereafter.  Expert discovery (including expert depositions) should close 30 days later and the deadline for dispositive motions should be 30 days after that.

PI does not necessarily agree with BCD's proposed Local Patent Rule disclosure schedule and will propose alternate dates if the Delaware court dismisses that matter.

**8.5     Other Stipulations**

The parties have reached agreements:

 8.5(a)  Protective Order

The parties reached agreement on a protective order that was entered in the Delaware action on February 4, 2008.  The parties agree that the same protective order should be adopted for use in this case should it go forward.

8.5(b)  E-discovery and Electronic Document Retention

The parties recognize that the burden of suspending normal policies regarding electronic backup systems for disaster recovery outweighs the potential relevance of documents that might only be captured by some interim backup on an unknown date.  Therefore, the parties agree that they can continue to utilize their standard disaster recovery systems, and specifically agree that each party may continue to recycle backup tapes per their standard disaster recovery systems protocol; provided however, that each party shall retain throughout the litigation one set of backup tapes from its disaster recovery systems from a standard backup performed during the month of October 2007.

8.5(c)  Electronic File Searching

The parties agree that each party may use reasonable keyword searching to identify electronic documents reasonably likely to have discoverable information regarding the subject matter of this lawsuit.

8.5(d)  Form of Production of Electronic Documents

The parties anticipate producing most documents in an electronic format such as PDF or TIFF files – specifically a form that preserves the page breaks between documents and otherwise allows to documents to be identified.  The parties further agree that the electronically produced files do not need to be OCR'd prior to production.  The parties also anticipate producing certain documents in their native format and will meet and confer regarding such production as necessary and appropriate.

**9.     CLASS ACTION**

This is not a class action case.

**10.    RELATED CASES**

In addition to the Delaware action between the parties, the following cases are related to this case.

Power Integrations has sued Fairchild Semiconductor Corporation and Fairchild Semiconductor International (collectively, "Fairchild") in the District of Delaware, CA No. 04-1371-JJF, for infringement of two of the Patents-in-suit, the '876 patent and the '851 patent.  On October 10, 2006, a jury found that Fairchild willfully infringed both the '876 and the '851 patents, and another jury affirmed the validity of the '876 and '851 patents on September 21, 2007.  Post-trial motions have been filed, but the Delaware Court has not ruled on them.

Further, the '876 and the '851 patents are also involved in reexamination proceedings (Reexamination Nos. 90/008326 and 90/008324), commenced by Fairchild on November 9, 2006.  In December 2006, the PTO determined that there existed a "substantial new question of patentability" for both the '876 and '851 patents.  On April 7, 2008, the PTO issued office actions

rejecting every claim the PTO is reviewing (claims 1 and 17-19 of the '876 patent and claims 1, 2, 4, 7, 9-11, 13, 16, and 17 of the '851 patent).

**11.    RELIEF**

Power Integrations' Statement:  Power Integrations presently intends to seek a combination of lost-profits and reasonable-royalty damages.  Discovery is still proceeding, and Power Integrations has not yet calculated the amount of the damages it will seek.  Power Integrations also believes BCD's alleged infringement has been willful, and will seek enhanced damages and attorney's fees on at that basis.

BCD's Statement: BCD will ask this Court to enter judgment in BCD's favor and award BCD the attorneys fees and costs BCD incurred in defending itself in this action.

**12.    SETTLEMENT AND ADR**

On May 6, 2008, the Court entered an order adopting the parties' proposal for a private mediation, timed to occur sixty (60) days after this Court issues its Claim Construction Order.

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties have already declined to proceed before a Magistrate Judge.

**14.    OTHER REFERENCES**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    NARROWING OF ISSUES**

To date, the parties have not identified any issues that can be narrowed by agreement, although the parties expect they will file motions for summary judgment as indicated above.

**16.     EXPEDITED SCHEDULE**

The parties do not believe this case is appropriate for handling on an expedited basis.

**17.   TRIAL**

BCD has requested that this case be tried to a jury, and Power Integrations would similarly request a jury trial if the case goes forward in California. Because of the number of patents and the complexity of the issues in the case, the parties expect that the trial may last up to two (2) weeks.

**18.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties state that other than Power Integrations, Inc. and BCD, they are not aware of any person, associations, firms, partnerships, corporations, or other entities known to have either (1) financial interest in the subject matter at issue or in a party to the proceeding; or (2) any other kind of interest that could be substantially affected by the outcome of the proceeding.

**19.   CURRENT SERVICE LIST**

Power Integrations' counsel may be served at:

> Howard G. Pollack (CAB #162897; pollack@fr.com)
> Michael R. Headley (CAB #220834; headley@fr.com)
> FISH & RICHARDSON P.C.
> 500 Arguello Street, Suite 500
> Redwood City, California 94063
> Telephone: (650) 839-5070
> Facsimile:  (650) 839-5071
>
> Frank E. Scherkenbach
> (CAB #142549; scherkenbach@fr.com)
> FISH & RICHARDSON P.C.
> 225 Franklin Street
> Boston, Massachusetts 02110-2804
> Telephone: (617) 542-5070
> Facsimile:  (617) 542-8906

BCD's counsel may be served at:

> E. Robert Yoches (bob.yoches@finnegan.com)
> FINNEGAN, HENDERSON, FARABOW,
>   GARRETT & DUNNER, L.L.P.
> 901 New York Avenue, NW
> Washington, D.C. 20001-4413
> Telephone:  (202) 408-4000
> Facsimile:   (202) 408-4400
>
> Erik R. Puknys  (CAB #190926; erik.puknys@finnegan.com)
> FINNEGAN, HENDERSON, FARABOW,
>   GARRETT & DUNNER, L.L.P.
> 3300 Hillview Ave

        Palo Alto, CA 94304
        Telephone: (650) 849-6600
        Facsimile: (650) 849-6666

Dated: May 16, 2008

By:   /s/ Erik R. Puknys
Erik R. Puknys
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.

Attorneys for Defendants
BCD SEMICONDUCTOR
MANUFACTURING CORPORATION and
SHANGHAI SIM-BCD SEMICONDUCTOR
MANUFACTURING, CO., LTD.

  /s/ Howard G. Pollack
Howard G. Pollack
FISH & RICHARDSON P.C.

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from Howard G. Pollack.

Dated: May 16, 2008

  /s/ Erik R. Puknys
Erik R. Puknys

**<u>ORDER</u>**

IT IS SO ORDERED.

Dated: _____

HONORABLE MAXINE M. CHESNEY
UNITED STATES DISTRICT JUDGE

11   JOINT RULE 26(f) CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
Case No. 08-0372 MMC

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC.,

        Plaintiff,

v.

BCD SEMICONDUCTOR CORP.,
et al.
        Defendants.

Civil Action No. 07-633 JJF-LPS

### [PROPOSED] RULE 16 SCHEDULING ORDER

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f) and reviewed the Court's Memorandum Order of February 11, 2008 (D.I. 37),

IT IS SO ORDERED that:

1. **Pre-Discovery Disclosures.** To the extent they had not already done so, the parties exchanged the information required by Fed. R. Civ. P. 26(a)(1) on January 25, 2008.

2. **Joinder of Other Parties.** All motions to join other parties shall be filed on or before April 14, 2008.

3. **Amendment of the Pleadings.** All motions to amend the pleadings shall be filed on or before April 28, 2008.

4. **Preliminary Injunction.** Plaintiff Power Integrations, Inc. ("Power Integrations") filed a motion for preliminary injunction on January 25, 2008. Defendants' (collectively, "BCD") answering brief shall be filed on or before April 7, 2008. Power Integrations' reply brief shall be filed on or before April 28, 2008. The Court will hear argument on the motion on May 5, 2008 at 10:00 a.m.

5. **Motion to Dismiss:** BCD has moved to dismiss on the grounds that personal jurisdiction is lacking over them in this District. (D.I. 10.) Power Integrations has answered the motion, and briefing is scheduled to be completed by February 19, 2008. (D.I. 31.) If the Court

has not ruled on the motion to dismiss before the May 5 hearing, the Court will hear argument on that motion during the same hearing.

      6.      **Protective Order:**  The Court has entered the parties' proposed Protective Order.

      7.      **Discovery.**

           (a)      **Written and Document Discovery Timing:**  Exchange and completion of contention interrogatories, identification of fact witnesses, and document production shall be commenced so as to be completed by September 30, 2008.

           (b)      **Interrogatories:**  Maximum of 35 interrogatories, including contention interrogatories, for each side.

           (c)      **Requests for Admission:**  Maximum of 50 requests for admission by each side.

           (d)      **Depositions:**  Each side can take eighty-four (84) hours of fact depositions, and, without leave of Court, each individual deponent shall not be deposed for more than seven hours, in accordance with the Federal Rules of Civil Procedure.

           (e)      **Completion of Fact Discovery:**  All fact discovery shall be completed by October 31, 2008.

           (f)      **Expert Reports and Discovery:**  Reports from retained experts required by Fed. R. Civ. P. 26(a)(2) are due from the party bearing the burden of proof by November 17, 2008; rebuttal expert reports are due by December 17, 2008; and expert discovery, including depositions of experts, must be completed by January 16, 2009.

      8.      **E-discovery and Electronic Document Retention.**

           (a) The parties recognize that the burden of suspending normal policies regarding electronic backup systems for disaster recovery outweighs the potential relevance of documents that might only be captured by some interim backup on an unknown date.  Therefore, the parties agree that they can continue to utilize their standard disaster recovery systems, and specifically agree that each party may continue to recycle backup tapes per their standard disaster recovery systems protocol; provided however, that each party shall retain throughout the litigation one set

of backup tapes from its disaster recovery systems from a standard backup performed during the month of October 2007.

(b) **Electronic File Searching**. The parties agree that each party may use reasonable keyword searching to identify electronic documents reasonably likely to have discoverable information regarding the subject matter of this lawsuit.

(c) **Form of Production of Electronic Documents**. The parties anticipate producing most documents in an electronic format such as PDF or TIFF files – specifically a form that preserves the page breaks between documents and otherwise allows separate documents to be identified. The parties further agree that the electronically produced files do not need to be OCR'd prior to production. The parties also anticipate producing certain documents in their native format and will meet and confer regarding such production as necessary and appropriate.

9. **Discovery Matters**. Should counsel find they are unable to resolve a discovery matter, the parties involved in the discovery matter(s) shall contact chambers at (302) 573-4571 to schedule a telephone conference. Not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. Not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Magistrate Judge within one (1) hour of e-filing the document(s). Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders or motions for extension of time for briefing case dispositive motions which are related to discovery matters are to be addressed in the first instance in accordance with this paragraph.

10. **Case Dispositive Motions**. Any case dispositive motion shall be served and filed with an opening brief on or before February 27, 2009. No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court.

11. **Service**. Fed. R. Civ. Proc. 6(e) applies and provides for three additional days for responding to documents filed electronically, whether or not e-mailed and/or hand-delivered as well. In no event, however, shall this provision alter specific response dates as set forth elsewhere in this Scheduling Order (e.g. ¶¶ 4, 8).

12. **Markman**. A Markman hearing, if the Court deems it necessary, will be held on February 2, 2009. Briefing on the claim construction issues shall be completed at least ten (10) business days prior to the hearing. The Court, after reviewing the briefing, will allocate time to the parties for the hearing.

13. **Tutorial Describing the Technology and Matters in Issue**. The parties shall provide the Court by April 11, 2008, a tutorial on the technology at issue. In that regard, each party may submit a videotape/CD of not more than 30 minutes. The tutorial should focus on the technology in issue and should not be used to argue the parties' claims construction contentions. If the parties choose to file videotapes/CDs, they should be filed under seal as part of the Court's file, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's videotape/CD tutorial. Any such comment shall be filed within ten (10) business days of submission of the videotapes/CDs. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

14. **Interim Status Report and Status Conference**. On September 5, 2008, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. On September 12, 2008, the Court will hold a Rule 16(a), (b), and (c) conference by telephone with counsel beginning at 10:00 a.m. Plaintiff's counsel shall

initiate the telephone call. At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel, and their clients.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

15. **Pretrial Conference and Trial.** On July 24, 2009, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 10:00 a.m. This matter is scheduled for trial beginning on September 8, 2009 and ending on September 16, 2009.

| FISH & RICHARDSON P.C. | ASHBY & GEDDES |
|---|---|
| */s/ William J. Marsden, Jr.* | */s/ Steven J. Balick* |
| William J. Marsden, Jr. (I.D. #2247)<br>Kyle Wagner Compton (#4693)<br>919 N. Market Street, Suite 1100<br>P.O. Box 1114<br>Wilmington, DE 19899-1114<br>Telephone: (302) 652-5070<br>marsden@fr.com<br><br>Attorneys for Plaintiff<br>POWER INTEGRATIONS, INC. | Steven J. Balick (I.D. #2114)<br>John G. Day (I.D. #2403)<br>Lauren E. Maguire (I.D. #4261)<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>Telephone: 302-654-1888<br>sbalick@ashby-geddes.com<br>lmaguire@ashby-geddes.com<br>jday@ashby-geddes.com<br><br>Attorneys for Defendants<br>BCD SEMICONDUCTOR CORPORATION, a California corporation, SHANGHAI SIM-BCD SEMICONDUCTOR MANUFACTURING, CO., LTD, a China corporation |
| _____<br>DATE | _____<br>UNITED STATES DISTRICT JUDGE |

SO ORDERED, this 19th day of February, 2008

_____
UNITED STATES ~~DISTRICT~~ JUDGE
MAGISTRATE

5